BARHAM, Justice.
The only question presented for our consideration is the constitutionality of Ordinance 828 M.C.S. 49-7 of the City of New Orleans, reviling a police officer. That question is now moot for this Court since the Supreme Court of the United States has declared that ordinance unconstitutional in Lewis v. City of New Orleans, No. 72-6156 on their docket, -U.S.-, 94 S.Ct. 970, 39 L.Ed.2d 214, decided February 20, 1974.
The defendant here was convicted in the municipal court of New Orleans of violating Ordinance 828 M.C.S. 49-7 of the City of New Orleans, reviling a police officer. After trial the defense filed a motion in arrest of judgment urging that the ordinance under which she was prosecuted was “unconstitutional on its face for vagueness and overbreadth and taken together with the evidence unconstitutional as applied to defendant.” The motion was denied, and defendant was sentenced to pay a fine of $10.00 or serve 10 days in jail. She appealed to the Criminal District Court for the Parish of Orleans, where her conviction and sentence were affirmed. The defendant then applied to this Court for writs under our supervisory jurisdiction. Writs were denied on February 8, 1972, in a four-three decision, with the notation: “The judgment of the lower court is correct.” City of New Orleans v. Martin, 260 La. 691, 257 So.2d 152 (1972). Defendant appealed to the Supreme Court of the United States under authority of 28 U.S.C. § 1257 (2). On October 28, 1972, that court entered the following order: “Judgment vacated and case remanded to the Supreme Court of Louisiana for further consideration in light of Gooding v. Wilson, 405 U. S. 518, 31 L.Ed.2d 408, 92 S.Ct. 1103 (1972).”
In Lewis v. City of New Orleans, supra, this Court had denied writs. 257 La. 993, 244 So.2d 860 (1971). On appeal to the Supreme Court of the United States, that court vacated our denial of writs and remanded the case for reconsideration in light of Gooding v. Wilson, supra. 408 U. S. 913, 92 S.Ct. 2499, 33 L.Ed.2d 321 (1972). On consideration under the re- *194 maná this Court, in a four-three decision, reaffirmed its position on the writ denial and declared the city ordinance constitutional. 263 La. 809, 269 So.2d 450 (1972). On appeal from that decision to the Supreme Court of the United States, that court reversed, stating: “We hold that § 49-7, as construed by the Louisiana Supreme Court, is overbroad in violation of the First and Fourteenth Amendments and is therefore facially invalid.” Lewis v. City of New Orleans, No. 72-6156, February 20, 1974, — U.S. —, 94 S.Ct. 970, 971, 39 L.Ed.2d 214.
Since the ordinance under which this defendant was prosecuted has been declared unconstitutional by the Supreme Court of the United States, her conviction and sentence must be set aside.
For the reasons assigned, the conviction and sentence are reversed and set aside and the defendant is ordered discharged.